## W. G. SHAFFER v. SCHOOL DISTRICT No. 1, GREELEY COUNTY.

### No. 217.*

PRACTICE, DISTRICT COURT—*Legalizing Act—Supplemental Petition.* Where an action is commenced on school-district warrants, and before trial the legislature passes an act legalizing the issue of the warrants sued on, *held*, that the passage of the act is a fact material to the proper determination of the case, and may be set up in a supplemental petition.

Error from Greeley district court; J. E. ANDREWS, judge.  Opinion filed February 14, 1899.  Reversed.

*J. U. Brown, W. M. Glenn,* and *Grattan & Grattan,* for plaintiff in error.

*V. H. Grinstead,* and *Geo. L. Reid,* for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J. :  This action was brought by the plaintiff in error in the district court of Greeley county, on two school-district warrants issued by the defendant school district on October 1, 1891, payable to W. G. Shaffer, the plaintiff, in one year from date, in the sum of $700 and $50, respectively.  The petition alleged the incorporation of the district, the due and regular issuing of the warrants by the officers of the district, and that the issue of the warrants was afterwards ratified by a school-district meeting, and that plaintiff was the owner and holder of the warrants, a copy of them being set out as a part of the petition.  The defendant demurred to the petition and the demurrer was overruled.  At the July term, 1895, of court, and before the issues were made up, the plaintiff, by leave

---

*Petition in error filed and case pending in supreme court.—REP.

of court, amended his petition by filing a supplemental petition setting up the passage of an act of the legislature of 1895, entitled ''An act legalizing the issue of certain school warrants therein named,'' being chapter 356 of the Laws of 1895, which act of the legislature was passed after the commencement of the suit. To that supplemental petition the defendant demurred, and the demurrer was sustained by the court.

The principal question in the case is, Did the trial court err in sustaining a demurrer to the supplemental petition, showing the passage of an act of the legislature legalizing the issue of the warrants sued on? The title of the act in question is: '' An act legalizing the issue of certain school warrants therein named.'' The act says, '' and said warrants are made legal and valid claims against said school district.'' The school district had no power to issue the warrants. The legislature had the right to give it that power. Then, if there was an equitable obligation on the school district to pay these warrants, the legislature could pass an act legalizing them and making them valid claims against the school district. That is, it could put the school district in such a position that it could not plead *ultra vires* and avoid the warrants on the technical ground that it had no authority to issue them, when in fact it realized a benefit from the money for which they were issued. This act simply puts the school district in the same position that it would have been in had it been able to issue the warrants when it did so. They are legal on their face, in that the law may be read into them, and people looking at them can say they are *prima facie* legal, because the school district had the authority to issue warrants for this purpose.

The passage of the act legalizing the issue of the warrants sued on is a fact material to the case, arising since the filing of the original petition, and on notice, and 'on such terms as the trial court might prescribe, it was proper so to allege in a supplemental petition. The demurrer to the supplemental petition should not have been sustained.   The plaintiff should have a trial on the warrants the same as if the school district had the authority to issue them, subject to all legal defenses.

Numerous errors are assigned, but for the reasons given the judgment of the district court will be reversed.